UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

JERONIMO MARADIAGA, COSME DEL ROSARIO-BELL, RANDOLPH CARR, and KEVIN PARK,

      Plaintiffs,

 -against-

THE CITY OF NEW YORK, KEVIN COX, *New York City Police Department Police Officer, (Shield No. 3270), in his individual capacity,* JOHN DOE, *New York City Police Department Sergeant (Sgt.) (the name John Doe being fictitious, as the true name and shield number is not presently known), in their individual capacity,* and JOHN DOES 1-3, *New York City Police Department Police Officers (P.O.) (the names John Doe being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,*

      Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 8325 (GBD)

GEORGE B. DANIELS, United States District Judge:

  Plaintiffs Jeronimo Maradiaga and Cosme Del Rosario-Bell ("Plaintiffs") move to reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons that follow, this Court declines to exercise its discretion to reopen this closed case. Plaintiffs' motion is DENIED.

## BACKGROUND

  On February 22, 2014, Plaintiffs Jeronimo Maradiaga and Cosme Del Rosario-Bell were arrested and charged with obstructing governmental administration in the second degree in violation of New York Penal Law § 195.05. (ECF No. 116 ¶ 106). The following day, Plaintiffs' charges were resolved by adjournments in contemplation of dismissal ("ACD"). (*Id.* ¶ 117.) Plaintiffs subsequently brought this action under 42 U.S.C. § 1983 against the City of New York, two New York City Police Department ("NYPD") sergeants, and several NYPD officers (collectively, "Defendants"), alleging that Defendants violated their constitutional rights during their arrests and subsequent proceedings. (ECF No. 54.) Plaintiffs' claims included, as relevant

here, a claim for denial of the right to a fair trial predicated on Defendants' alleged falsification of evidence against Plaintiffs. (*Id.* ¶¶ 31, 34)

On October 1, 2020, this Court dismissed Plaintiffs' fair trial claims. (October 1, 2020 Memorandum Decision and Order ("Order"), ECF No. 151, at 10-13.) In reaching its decision, this Court relied on the Supreme Court's decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), which held that Section 1983 fabricated-evidence claims do not accrue (and therefore cannot be brought) until a criminal proceeding has ended in the defendant's favor. (*Id.* at 11 (citing *McDonough*, 139 S. Ct. at 2156).) *McDonough* did not clarify, however, whether the favorable resolution need be one indicative of innocence, as is required in malicious prosecution cases. *See Savory v. Cannon*, 947 F.3d 409, 429 (7th Cir. 2020) (listing favorable resolutions that can occur without a declaration of a defendant's innocence). Faced with this precise question in ruling on the parties' motions for summary judgment, this Court reasoned that, because *McDonough*'s holding was premised on an analogy to malicious prosecution claims, McDonough's favorable-termination requirement for Section 1983 fabricated-evidence claims should be construed as coextensive with the requirement in malicious-prosecution claims, wherein a plaintiff must demonstrate that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence. (Order at 12.) Because an adjournment in contemplation of dismissal does not constitute a favorable termination in the context of a malicious prosecution claim and is not indicative of a defendant's innocence, this Court concluded that Plaintiffs could not establish favorable termination, and therefore dismissed their fair trial claims. (*Id.* at 12-13.)

After this Court's Order, the Second Circuit resolved the question left by *McDonough* in a different case. *See Smalls v. Collins*, No. 20-1099-CV, 2021 WL 3700194 (2d Cir. Aug. 20, 2021). In *Smalls*, the Circuit decided that *McDonough* did not import malicious prosecution's favorable termination "indicative of innocence" requirement onto Section 1983 fair trial claims. *Id.* at *136-

39. Rather, to satisfy the favorable termination requirement of a fair trial claim, "all that is required is that the underlying criminal proceeding be terminated in such a manner that the lawsuit does not impugn an ongoing prosecution or outstanding conviction." *Id.* at *139. The *Smalls* decision also set a standard affirming that ACDs count as favorable terminations for purposes of fair trial claims. *Id.* at *144. Based on the change in law effected by the August 20, 2021 *Smalls* decision, Plaintiffs seek an order withdrawing this Court's October 1, 2020 Order pursuant to Fed. R. Civ. P. 60(b)(6), and granting Plaintiffs' previously-filed motion for summary judgment or, in the alternative, setting the matter over for trial. (Pl.'s Mot. for Relief ("Pl.'s Mot."), ECF No. 165.)

## LEGAL STANDARD

Rule 60 provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any ... reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Because Rule 60(b) "allows extraordinary judicial relief," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986), a "motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances," *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citations omitted). Rule 60(b) is properly used to achieve "substantial justice ... yet final judgments should not be lightly reopened." *Nemaizer*, 793 F.2d at 61 (citations omitted).

An intervening change in the law, without more, does not usually rise to the level of an extraordinary circumstance justifying relief under Rule 60(b)(6). *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir. 1986) ("it is well-settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)"); *see also Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004). The Second Circuit has recognized, however, that an action may be reinstated due to an intervening change in the law where that change would "call[ ] into serious question the correctness of the court's judgment." *See Sargent*

*v. Columbia Forest Prod., Inc.*, 75 F.3d 86, 90 (2d Cir. 1996). The factors to be considered in such a case are whether the new law is "beyond question" inconsistent with the earlier decision; whether the court was on notice of a pending case which might alter the law; whether substantial time has elapsed between the relevant development and the pending motion; and whether the equities favor the moving party and recall of the prior judgment. *Id.* at 90.

## THE *SARGENT* FACTORS COUNSEL AGAINST REOPENING THIS CASE

Applying the *Sargent* standard, this Court finds that the first three factors weigh in favor of Plaintiffs' request. First, this Court's dismissal of Plaintiffs' fair trial claims on the ground that neither Plaintiff could establish favorable termination of his criminal case is now clearly inconsistent with *Smalls*. Defendants do not dispute this point. (Defs.' Opp. to Pls.' Mot. for Relief ("Defs.' Opp."), ECF No. 171, at 8-9.) Second, Plaintiffs did alert this Court to the pending *Smalls* appeal, even if only after this Court's October 1, 2020 order.[1] (ECF No. 153.) Third, only a short time—less than two months—passed between the *Smalls* decision and the instant motion.[2]

After considering the equities, however, this Court finds that the factors in the aggregate weigh against reopening this case. To do so would be futile because Plaintiffs' fair trial claims

---

[1] Defendants' contention that Plaintiffs was required to notify this Court of the *Smalls* case during the pendency of the motions for summary judgment is unsupported by any case law and is therefore rejected.

[2] Defendants suggest that this Court consider instead the time between this Court's October 1, 2020 Order and the instant motion (one year and eighteen days), and apply a one-year statute of limitations to Plaintiffs' request for relief. (Defs.' Opp. at 10-12.) As an initial matter, this Court declines to start the clock in October 2020, as Plaintiffs had no reason to bring the instant motion until *Smalls* was decided in August 2021. Moreover, this Court rejects Defendants' suggestion that a one-year statute of limitations applies. Although several other subsections of Rule 60(b) are governed by a one-year deadline, neither the Rule nor any other authority applies a similar limitation to motions brought pursuant to subsection (b)(6). And while Defendants are correct that the Second Circuit has expressed concern that litigants may attempt to use provision (b)(6) to circumvent the one-year limitation in other subsections of Rule 60(b), *see e.g., First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda-Permanent Mission*, 877 F.2d 189, 196 (2d Cir. 1989), that concern is of no moment here where Plaintiffs could not possibly have brought their motion pursuant to those subsections. *See* Fed. R. Civ. P. 60(b)(1)-(3) (allowing for relief from judgment only in cases of mistake, neglect, newly discovered evidence, or fraud). As evidenced by the decision not to apply the one-year limitations period to provision (b)(6), it was clearly contemplated that Rule 60(b)(6) claims may be brought more than one year after accrual.

failed for reasons other than this Court's application of *McDonough*. To establish a section 1983 fair-trial claim based on fabrication of evidence, a plaintiff must demonstrate that "an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016). The requirement that the false information be "likely to influence a jury's decision" means "that the allegedly fabricated evidence [must], at the very least, be material to a viable claim or defense in the criminal case." *Cunningham v. City of New York*, No. 17-CV-5124, 2018 WL 4168964, at *5 (S.D.N.Y. Aug. 30, 2018).

As was the case when this Court ruled on the parties' motions for summary judgment, Plaintiffs cannot establish elements three or five of their fair trial claim.[3] According to Plaintiffs, Defendant Officer Cox's arrest report included three fabricated statements: (1) "The defendant was disrupting the checkpoint by *walking between vehicles*," (2) Defendant was "handing out *flyers on the street*," and (3) "Defendant was asked not to hand out material to motorists... *Defendant continued to hand out flyers after a lawful order*..." ((Pl.'s Mot. at 7) (emphasis in original).) Even if these statements were false,[4] Plaintiffs failed to show that the statements would have been reasonably likely to influence a jury's decision or that they suffered any deprivation of liberty *as a result of* the statements. The first two statements do not appear in the criminal complaint in support of the charges, (*see* ECF No. 131-3 at 2), and there was no evidence that any

---

[3] As noted *supra* and in this Court's Order, Plaintiffs Maradiaga and Del Rosario-Bell were arrested and charged with obstructing governmental administration after they refused at least twelve directives to retreat from the area cordoned off by the police for a traffic checkpoint. (Order at 5 (citing Pls.' Resp. to Defs.' Rule 56.1 Statement of Undisputed Facts, ECF No. 124, ¶¶ 69-96), 8.) And as this Court has already found, there was sufficient probable cause to arrest Plaintiffs on these grounds. (*Id.* at 8.)

[4] Accepting Plaintiffs' representation that they never stepped off the sidewalk, the statement that Plaintiffs were "handing out flyers on the street" is not substantively false. Plaintiffs appear to conflate "street" with "road." A sidewalk and road together form a "street."

prosecutor relied on them to initiate the prosecutions. Without evidence that the prosecutors relied on the statements or that they otherwise affected the charges, it cannot be shown that the statements were material, likely to influence a jury's decision, or the cause of Plaintiffs' deprivation of liberty. And while the complaint does include some variation of the third statement, the basis for the charges against Plaintiffs was not their disobedience with the instruction to stop handing out flyers, but rather their refusal to comply with Officer Cox's orders to retreat a reasonable distance from the checkpoint area. (*Id.*) As such, Plaintiffs' fair trial claim fails for reasons beyond the Court's applicability of *McDonough*, and it would be futile to re-open this case.

Where, as here, the reopening of a case would be to no practical effect, the equities favor the non-moving party. Plaintiffs' motion is therefore DENIED.

## CONCLUSION

Plaintiffs' motion pursuant to Fed. R. Civ. P. 60(b)(6) to vacate this Court's October 1, 2020 order and reopen this action, (ECF No. 164), is DENIED.

Dated: June 1, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge